Good morning, your honors. May it please the court, my name is Michael Salman and this is my wife, Suzanne Salman, and we are appellants and plaintiffs in this case. We are here this morning because we believe that the federal court had erred by dismissing our case and did not look at the merits of our case by dismissing it Heck v. Humphrey. Let me ask you, it seems to me in reading your notice of appeal that you suggest you are appealing the order of dismissal dated June the 13th of 2016. You were really talking about June the 6th, were you not? Yes, your honor. And that's the only thing you're appealing here, is the June 6th order? That's all it says here. I mean, you got a notice of appeal from a final order dismissing the complaint entered, you say June 13th, it was really June 6th. Yes, your honor. As a matter of fact, there had been several dismissals of our amended complaints. But the only one which is really in front of us here is the June 6th. Yes, your honor. That is the one that is the most recent and the one that makes a big difference. The court had dismissed our case, Heck v. Humphrey, stating that we did not have any type of civil rights violations that were placed against us. Now this court... Well, that's not exactly what they said, but let's talk about then if that's the complaint and that's what we're up here. The first issue is that the district court erred in concluding that you failed to plead sufficient facts to state a claim for relief under 42 U.S.C. 1983, right? That's correct, your honor. Where do you address that issue in your briefs before us? Your honors, we placed the case of Cummings v. City of Akron. So just putting that case in there was enough to address this issue? Absolutely. We believe that the court did not have basis of dismissing our appeal. When they looked at our case, they saw the conviction. They dwelt on the conviction. The reason I'm focusing on this is that I understood that we agreed to provide you counsel, but you said we don't want it. In other words, we agreed to give you pro bono counsel just as the party in the prior case had had and just as the party in the first case had had, and you said we don't want it, we can do this ourselves, right? We do appreciate your generosity, but we believe that we know our case very well. Well, I understand you know your case, but one thing you need to know when you go on appeal is that it's not enough, even if this case were cited and even if it was a case we were to look at, it's not enough to just cite a case on appeal and that preserve an argument. You've got to take up the argument in your brief, and you've got to talk to us about that argument and why you win, not just cite a case and say that's enough. You've got to talk to us. If you'd have had pro bono counsel, they would have known that and would have advised you. And so when I go through these issues, my worry is that you don't do anything to cite the issues you want me to look at. And starting with 1983, going to the collateral estoppel issue as to your wife's claims, going to the RLUIPA claim, going to the last three claims, the establishment clause, the right to privacy, the due process clause, they're not even mentioned. So there's no way for us to look at those because they're not appropriately before us. I understand, Your Honor, and that the point of all these are founded on the conviction, and that is the foundation of the district's course dismissal. But again, I don't think you're listening to me. In order for us to look at these claims, you've got to give us some argument about each of the issues. You can't just say this happened below, and therefore I win. You've got to say this happened below, and this is this claim, and this is the law that relates to this claim, and this is the law as applied to the facts below, which you didn't do. And that was why we were anxious to give you some counsel to help you. Again, I appreciate that, Your Honor, but if I may say, I reckon to this as a building. The federal court had built the due process, the rest of Jakarta, the collateral estoppel, all on the foundation that we were barred heck. If we attack that foundation, everything else falls. There's no reason for us to attack stories in a building when we can just immediately take out the foundation that will take out the whole building. In this case, the federal court erred by believing that we did not have any merits because they continued to conjoin our conviction with our civil rights violations. Well, you know what heck says? Absolutely. What does it say? It says that a conviction has to be expunged or reversed before we can claim civil rights violations. But the fact is there were civil rights. And if in fact the conviction is not reversed and you want to go into federal court and try to reverse it or reverse it rather than going up on your appeal in state court, that we have to bar it because of heck. Isn't that it? That is 100% correct, Your Honor. Thank you. I'm glad you agree with that. Yes, sir. And this is where the phenomenon comes in. We have an analogy of a sandwich. We have bread on top, meat in the middle, and bread at the bottom. And the case that this court had presented to us to research was Smith v. the city of Hemet. Yes. We see that case and other cases within it, Smithhart v. Towery and Sanford v. Motts, that if there are civil rights violations within a conviction that break or are not part of a single act, then a plaintiff can bring the merits before the court. Did you ever say anything like that in your briefs? Yes, Your Honor. We did. I guess I had a tough time with that. I do. Because when I read your briefs, I could not really determine or distinguish, if you will, what part of the convictions that you had in the underlying case were different from the case you now want to bring. I read through them. I tried to separate them. I tried to see if there was a difference, but they were so confusing in the way you pled them that I couldn't find it, so I had a tough time. Well, thank you, Your Honor, for the candidness. Let me just say that the court presented the case of Smith v. Hemet. We presented. Yes, we did present it because we said, you maybe better read that case and give us some explanation of the case. And we cited Cummings v. City of Akron, which really are similar. And if I can go to the analogy, the conviction, because of my time, the conviction has absolutely nothing to do with our civil rights violations. The conviction is against Harvest Christian Fellowship Community Church in 2009 about a building they were using in our backyard, a 2,000-square-foot building, and the City of Phoenix violated Harvest Christian Fellowship Community Church, Inc., in 2009. Then within one year later, they charged the same exact charges of the same exact dates to me and violated me criminally. Now, the difference is from 2007 to 2009, before the existence of Harvest Christian Fellowship Community Church, Inc., and before the existence of a 2,000-square-foot building, the City of Phoenix came to our home when it was my wife and I and told us that we were not allowed to have Bible studies in our house unless we become a church first. So we have violations in 2007 to 2009 that have absolutely nothing to do with the conviction. Now, after the conviction, Harvest Christian Fellowship Community Church, Inc. ceased to exist. There is no signs or building or anything that which we meet in, and to this day, the City of Phoenix is informing us that we are not allowed to have Bible studies in our living room unless we conform to a church first. These are violations here that are separate and apart from, and they are not part of the single act, and here are violations there that are separate and apart from that are not part of the violation. So we stay to this day that the City of Phoenix is telling us that, no, you cannot. They violate us when they send police, fire department, and building inspectors in our home without due process, without search warrants, and said, you guys can't be meeting here. You need to leave. That's a violation, and that happened way before the building, and it happened before the church even existed. Thank you. Thank you. Your time has expired. Good morning. May it please the Court, my name is Chris Welker, and I represent the Apollee in this matter, the City of Phoenix. The city respectfully requests that this court affirm the district court's denial of appellant's motion to file a fourth amended complaint, because despite five separate attempts, appellants have failed to state a claim upon which relief can be granted. And as the Court points out, the appellants have also waived many of these arguments. They waived the argument that they did state a claim upon which relief can be granted. They do not address that in their briefs. Can I get to an issue that concerns me about your position? Of course. And that deals with whether or not this case is heck barred. It seems to me that there is an issue here. There is enough statements in our cases so far that it would appear that heck does not apply to injunctive relief. I think that is fairly clear as far as I'm concerned, at least at this point, until I discussed otherwise. And we ask you to take a look at the Smith case also, which gives us some concern. If there is no waiver, and that's a separate issue of the heck bar issue, why is there a heck bar when here there's only injunctive relief that's being requested? Your Honor, I do believe heck bars claims for injunctive relief. Do you? I do. And we cited some language to that effect in our brief. And the key, of course, is whether the relief would imply the invalidity of the underlying convictions. And even if it's injunctive relief, if that injunctive relief would be based on a theory or a claim that would imply the invalidity of the underlying convictions, then yes. What's your best case that heck bars injunctive relief? Well, I believe it's heck v. Humphreys itself. I see. But do you have any case that we have had since heck that's made that statement? Your Honor, I believe that the principle illustrated by heck is the best source. Is it? Heck itself, for the idea that the conduct that or, I'm sorry, the claims for relief that would imply the invalidity of the convictions are barred. I believe the language used in heck would clearly bar claims for injunctive relief if it would imply the invalidity of the underlying convictions. And so where we went, where do we go astray in Smith that seems to be opposite to? Your Honor, in Smith, the Court certainly said claims that are premised on conduct that is distinct, separate, and wholly apart from the. Maybe, not are, maybe. That was Judge Reinhart's statement. Sure. And if the conduct. Maybe implies injunctive relief. Okay. Well, if the, according to the city of Hemet case, if the conduct is certainly separate and distinct from the conduct that gave rise to the convictions, then heck doesn't apply. It's separate and distinct. That's not the case here. Here, the original complaint filed in this matter specifically challenged the underlying convictions. In fact, the appellants moved for a temporary restraining order asking the Court to not, to preclude execution of the sentence on the convictions. And now we've gone through several iterations of this complaint, but the allegations and the claims remain the same. They attack the very same code and the very same enforcement of that code that was the basis for the underlying convictions. The city of Hemet, again, dealt with conduct that is completely distinct and separate from the conduct that gave rise to the convictions. And that's not the case here. So your position is that injunctive relief doesn't make any difference at all? Well, again, it depends on how it's framed. Claims for injunctive relief that, if successful, would imply the invalidity of the convictions, yes, would still be barred under heck. The key being whether it would undermine the convictions. And in this case, the appellants are alleging the exact same things they alleged in the defense of the criminal violations. The defenses in the criminal violations are the same as the allegations in this complaint. So success on these claims would undermine the convictions. It is of some worry to me, to be fair, that this particular sentence has already been served. So is heck an appropriate bar when the sentence has already been served? Does it even apply? It can apply, depending on what the I guess if the sentence has been served, how can it apply? Well, if the allegations would still relate to the conduct that was the basis for the convictions, I believe heck would still apply. And another concern is who has the burden to prove that the heck claims are barred? Because in this case, the district court seemed to suggest that they would have the burden. In my estimation, you would have the burden. Your Honor, I believe once we came forward with arguments and facts showing that the claims, if successful, would imply the invalidity of the underlying convictions But they never get any burden. You've got a burden to prove that heck would bar the claims. I would agree, and I believe once we came forward with that information and that showing that it was incumbent on And the district court shouldn't have said, now you've got to come forward and show why they aren't barred. The district court either decides they're barred or they're not. And the court felt that the record was sufficient to find the claims barred under heck. I guess my big problem in all of this is the one that I tried to explain to the opposition, which is, I don't know what they're asking me. And, Your Honor, that's the difficulty we've had. This has been a bit of a moving target, and the claims have evolved over time. Again, from the very outset, the claims sought to preclude execution of the sentence on the criminal violations. And now those have changed over time, perhaps in an apparent attempt to get around heck. But as the district court found, appellants failed to state a claim upon which relief could be granted. There's also— The district court took the short way out. It's heck barred. Goodbye. Now, let me bring you back to Smith. In the conclusion of Smith, Judge Reinhart's words, I think, are somewhat telling that you need to deal with For the foregoing reasons, we reverse the district court's grant of summary judgment. On the record before us, we cannot conclude that Smith's Section 1983 action is barred by heck by successful prosecution of the action will not necessarily impugn the conviction. Isn't that what we have here? Your Honor, I believe it's a bit different here in that, again, from the beginning, the appellants have sought to directly overturn the convictions in essence. I know what they've—I understand that. And you're fighting a very difficult battle. All of a sudden, you get an issue and it disappears between your fingers, kind of grabbing ahold of you. But he won't go to a lawyer to be able to give him the advice he needs, so we still have to deal with it, which is why we wanted a lawyer to write a brief. But it seems to me that the Smith issue, the issue discussed in this case in Smith, creates a problem for you because I don't see where, in this case, we cannot conclude that Smith's 1983 action is barred by heck. His successful prosecution in this action will not necessarily impugn his earlier conviction. And, Your Honor, if appellants have stated facts that are separate and distinct and apart from the facts that gave rise to the convictions, we agree that heck would not apply. Would not necessarily impugn. Right. It doesn't say it may impugn. It says not necessarily impugn. So we get back to this injunctive issue of why heck should be, why heck should bar this case when it's an injunctive issue. Well, and, Your Honor, I do not believe that there have been sufficient facts pledged to state a claim for injunctive relief. Claim for injunctive relief requires a showing of eminent harm. And that's why Judge Reinhart said not necessarily. He wants to leave it open for the district judge to do it. It might be helpful if they had an argument, including facts, that Judge Wallace didn't make, that they made. He seems to be the best lawyer they have since they wouldn't take one. I think you're too. Thank you very much. Thank you, Your Honor. All right. This case is submitted. We'll take case 167003 and submit it, and 1715116 and submit it. And the calendar is over for today. Thank you very much.
judges: Wallace, N.R. Smith, Batts